## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| F&C BERKLEY PARK KC, LLC | ) | |
|     Plaintiff | ) | |
| | ) | Case No. 4:19-cv-000787-GAF |
| v. | ) | |
| | ) | |
| MW BUILDERS, INC. | ) | |
|     Defendant/Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KIMBEL MECHANICAL SYSTEMS, INC.; | ) | |
| WOLF CONSTRUCTION SERVICES, INC. | ) | |
| d/b/a WOLF CONSTRUCTION COMPANIES; | ) | |
| and INNOVATIVE CONSTRUCTION | ) | |
| SERVICES, LLC | ) | |
|     Third-Party Defendants | ) | |

## KIMBEL MECHANICAL SYSTEMS, INC.'S
## ANSWER TO MW BUILDERS, INC.'S AMENDED THIRD-PARTY COMPLAINT

COMES NOW Third-Party Defendant Kimbel Mechanical Systems, Inc. ("Kimbel") by and through its attorneys, Kutak Rock, LLP, and for its Answer to the Amended Third-Party Complaint filed by MW Builders, Inc. ("MW Builders"), states:

1.      Kimbel admits the existence of a 407-unit apartment complex construction project located at or near 1000 Berkley Parkway, Kansas City, Missouri 64120, commonly known as Union Berkley Riverfront Apartments (the "Project"). Kimbel denies any remaining allegations contained in paragraph 1 of the Amended Third-Party Complaint and demands strict proof thereof. Kimbel denies all allegations contained in MW Builders' Amended Third-Party Complaint unless specifically admitted herein.

2.      Kimbel admits that MW Builders acted as the general contractor for the Project but lacks sufficient information to admit or deny the remaining allegations contained in

paragraph 2 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

3. With respect to the allegations contained in paragraph 3 of MW Builders' Amended Third-Party Complaint, Kimbel states that the Complaint filed by F&C Berkley Park KC, LLC ("FC") and its allegations speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent that a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

4. Kimbel lacks sufficient information to admit or deny the allegations contained in paragraph 4 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

5. Kimbel admits the allegations contained in paragraph 5 of MW Builders' Amended Third-Party Complaint.

6. Kimbel lacks sufficient information to admit or deny the allegations contained in paragraph 6of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

7. Kimbel lacks sufficient information to admit or deny the allegations contained in paragraph 7 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

8. Kimbel lacks sufficient information to admit or deny the allegations contained in paragraph 8 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

4829-7137-2987.1

9.     With respect to the allegations contained in paragraph 9 of MW Builders' Amended Third-Party Complaint, Kimbel admits that the Project at issue is located in Kansas City, Missouri.   Kimbel denies the remaining allegations in paragraph 9 of MW Builders' Amended Third-Party Complaint and demands strict proof thereof.

10.     Kimbel lacks sufficient information to admit or deny the allegations contained in paragraph 10 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

11.     With respect to the allegations contained in paragraph 11 of MW Builders' Amended Third-Party Complaint, Kimbel admits that it entered into a contract with MW Builders (the "Kimbel Subcontract").   The Kimbel Subcontract is attached to MW Builders' Amended Third-Party Complaint as Ex. 1 and speaks for itself.   Kimbel denies any allegations contained in paragraph 11 that are inconsistent with the document or attempt to interpret the terms thereof beyond their plain and ordinary meaning.   Kimbel is without sufficient information to admit or deny the remaining allegations in paragraph 11 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

12.     With respect to the allegations contained in paragraph 12 of MW Builders' Amended Third-Party Complaint, Kimbel admits that the Amended Third-Party Complaint attaches as Ex. 2 what purports to be a contract between MW Builders and Wolf Construction Companies ("Wolf").   Exhibit 2 speaks for itself and Kimbel denies any allegations inconsistent with the document or that attempt to interpret the terms thereof beyond their plain and ordinary meaning.   Kimbel is without sufficient information to admit or deny the remaining allegations in paragraph 12 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

4829-7137-2987.1

13.     With respect to the allegations contained in paragraph 13 of MW Builders' Amended Third-Party Complaint, Kimbel admits that the Amended Third-Party Complaint attaches as Ex. 3 what purports to be a contract between MW and Innovative Construction Services, LLC ("Innovative").  Exhibit 3 speaks for itself and Kimbel denies any allegations inconsistent with the document or that attempt to interpret the terms thereof beyond their plain and ordinary meaning.  Kimbel is without sufficient information to admit or deny the remaining allegations in paragraph 13 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

14.     With respect to the allegations contained in paragraph 14 of MW Builders' Amended Third-Party Complaint, Kimbel admits that it performed work related to the Project. Kimbel is without sufficient information to admit or deny the remaining allegations in paragraph 14 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

15.     The allegations contained in paragraph 15 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  To the extent a response is required, Kimbel denies the allegations in paragraph 15 of MW Builders' Amended Third-Party Complaint and demands strict proof thereof.

16.     The allegations contained in paragraph 16 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  Further, any "contractual obligations" of the parties would be contained within the respective agreements, which speak for themselves.  Kimbel denies the existence of any third-party duties, including those alleged by MW Builders against Kimbel, that attempt to expand or interpret terms of the agreements beyond their plain and ordinary meaning.  To the extent further response is required,

4

Kimbel denies the allegations in paragraph 16 of MW Builders' Amended Third-Party Complaint and demands strict proof thereof.

17.     The allegations contained in paragraph 17 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  Further, the subcontracts speak for themselves.  To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied.  Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

18.     The allegations contained in paragraph 18 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  Further, the subcontracts speak for themselves.  To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied.  Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

19.     The allegations contained in paragraph 19 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  Further, the subcontracts speak for themselves.  To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied.  Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

4829-7137-2987.1

20.     The allegations contained in paragraph 20 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  Further, the subcontracts speak for themselves.  To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied.  Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

21.     The allegations contained in paragraph 21 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  Further, the subcontracts speak for themselves.  To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied.  Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

22.     The allegations contained in paragraph 22 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  Further, the subcontracts speak for themselves.  To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied.  Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

23.     The allegations contained in paragraph 23 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  Further, the

6

subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

24. The allegations contained in paragraph 24 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond. Further, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

25. The allegations contained in paragraph 25 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond. Further, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

26. The allegations contained in paragraph 26 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond. Further, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same,

4829-7137-2987.1

such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

27. The allegations contained in paragraph 27 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond. Further, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

28. The allegations contained in paragraph 28 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond. Further, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

29. The allegations contained in paragraph 29 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond. Further, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent

that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

30. With regard to the allegations contained in paragraph 30 of MW Builders' Amended Third-Party Complaint, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

31. With regard to the allegations contained in paragraph 31 of MW Builders' Amended Third-Party Complaint, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

32. With regard to the allegations contained in paragraph 32 of MW Builders' Amended Third-Party Complaint, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

33. With regard to the allegations contained in paragraph 33 of MW Builders' Amended Third-Party Complaint, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and

ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

34. Kimbel lacks sufficient information to admit or deny the allegations contained in paragraph 34 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

35. With regard to the allegations contained in paragraph 35 of MW Builders' Amended Third-Party Complaint, Kimbel states that FC's Complaint speaks for itself. Kimbel lacks sufficient information to admit or deny the remaining allegations contained in paragraph 35 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

36. With regard to the allegations contained in paragraph 36 of MW Builders' Amended Third-Party Complaint, Kimbel states that FC's Complaint speaks for itself. Kimbel lacks sufficient information to admit or deny the remaining allegations contained in paragraph 36 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

37. Kimbel lacks sufficient information to admit or deny the allegations contained in paragraph 37 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

38. The allegations contained in paragraph 38 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond. Further, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same,

4829-7137-2987.1

such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

39. The allegations contained in paragraph 39 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond. Further, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

40. The allegations contained in paragraph 40 of MW Builders' Amended Third-Party Complaint require no response. To the extent a response is required, they are denied.

41. With respect to the allegations contained in paragraph 41 of MW Builders' Amended Third-Party Complaint, Kimbel admits that it performed work on the Project. Kimbel is without sufficient information to admit or deny the remaining allegations in paragraph 41 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

42. With regard to the allegations contained in paragraph 42 of MW Builders' Amended Third-Party Complaint, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

4829-7137-2987.1

43.     With regard to the allegations contained in paragraph 43 of MW Builders' Amended Third-Party Complaint, Kimbel states that FC's Complaint speaks for itself.  Kimbel lacks sufficient information to admit or deny the remaining allegations contained in paragraph 43 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

44.     Kimbel lacks sufficient information to admit or deny the allegations contained in paragraph 44 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

45.     Kimbel lacks sufficient information to admit or deny the allegations contained in paragraph 45 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

46.     The allegations contained in paragraph 46 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  Further, the subcontracts and FC's Complaint speak for themselves.  To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied.  Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

47.     The allegations contained in paragraph 47 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  To the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

4829-7137-2987.1

48. The allegations contained in paragraph 48 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond. To the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

Kimbel denies all allegations contained in the unnumbered prayer of MW Builders' Amended Third-Party Complaint.

49. The allegations contained in paragraph 49 of MW Builders' Amended Third-Party Complaint require no response. To the extent a response is required, they are denied.

50. With regard to the allegations contained in paragraph 50 of MW Builders' Amended Third-Party Complaint, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

51. With regard to the allegations contained in paragraph 51 of MW Builders' Amended Third-Party Complaint, Kimbel states that FC's Complaint speaks for itself. Kimbel lacks sufficient information to admit or deny the remaining allegations contained in paragraph 43 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

52. The allegations contained in paragraph 52 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond. Further, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same,

such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

53. The allegations contained in paragraph 53 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond. To the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

Kimbel denies all allegations contained in the unnumbered prayer of MW Builders' Amended Third-Party Complaint.

54. The allegations contained in paragraph 54 of MW Builders' Amended Third-Party Complaint require no response. To the extent a response is required, they are denied.

55. With regard to the allegations contained in paragraph 55 of MW Builders' Amended Third-Party Complaint, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

56. With regard to the allegations contained in paragraph 56 of MW Builders' Amended Third-Party Complaint, the subcontracts speak for themselves. To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied. Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

14

57.     With regard to the allegations contained in paragraph 57 of MW Builders' Amended Third-Party Complaint, the subcontracts speak for themselves.  To the extent MW Builders' allegations seek to expand or interpret the terms thereof beyond their plain and ordinary meaning, or give legal effect to same, such allegations are denied.  Additionally, to the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

58.     With regard to the allegations contained in paragraph 58 of MW Builders' Amended Third-Party Complaint, Kimbel states that FC's Complaint speaks for itself.  Kimbel lacks sufficient information to admit or deny the remaining allegations contained in paragraph 58 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

59.     With regard to the allegations contained in paragraph 59 of MW Builders' Amended Third-Party Complaint, Kimbel states that FC's Complaint speaks for itself.  Kimbel lacks sufficient information to admit or deny the remaining allegations contained in paragraph 59 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

60.     The allegations contained in paragraph 60 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  To the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

Kimbel denies all allegations contained in the unnumbered prayer of MW Builders' Amended Third-Party Complaint.

4829-7137-2987.1

61.     The allegations contained in paragraph 61 of MW Builders' Amended Third-Party Complaint require no response.  To the extent a response is required, they are denied.

62.     The allegations contained in paragraph 62 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  To the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

63.     With regard to the allegations contained in paragraph 63 of MW Builders' Amended Third-Party Complaint, Kimbel states that FC's Complaint speaks for itself.  Kimbel lacks sufficient information to admit or deny the remaining allegations contained in paragraph 63 of MW Builders' Amended Third-Party Complaint, and therefore denies them and demands strict proof thereof.

64.     The allegations contained in paragraph 64 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  To the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

65.     The allegations contained in paragraph 65 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  To the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

66.     The allegations contained in paragraph 66 of MW Builders' Amended Third-Party Complaint are legal conclusions to which Kimbel is not required to respond.  To the extent a response is required, or to the extent that these allegations purport to show liability on the part of Kimbel or any third-party defendant, they are specifically denied.

4829-7137-2987.1

Kimbel denies all allegations contained in the unnumbered prayer of MW Builders' Amended Third-Party Complaint.

67.     Kimbel joins MW Builders in its demand for a jury trial on all issues so triable.

## **AFFIRMATIVE DEFENSES**

68.     Kimbel states and alleges that MW Builders' Amended Third-Party Complaint, in whole or in part, fails to state claims upon which relief can be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure including, but not limited to, Plaintiff's alleged allegations against MW Builders do not implicate the work performed by Kimbel on the project.

69.     Kimbel states and alleges that if MW Builders was damaged in the nature and to the degree alleged in the Amended Third-Party Complaint, which Kimbel specifically denies, that such alleged damages were the proximate result of liability, negligence, or fault on the part of MW Builders, which was present to such a degree as to bar recovery herein against Kimbel, including, but not limited to, that Kimbel was not properly or promptly notified of any defects and/or were caused by parties outside of Kimbel's control and/or made it impossible for Kimbel to fully perform and complete and/or remedy or cure its work to the parties' alleged satisfaction.

70.     Kimbel states and alleges that if MW Builders was damaged in the nature and to the degree alleged in the Amended Third-Party Complaint, which Kimbel specifically denies, that such alleged damages were proximately caused and brought about by the negligence, acts, omissions or fault of third parties over whom Kimbel exercises no dominion or control, and further, that such fault and omissions constitute a superseding and intervening cause, thereby relieving Kimbel of any responsibility for any of the claims, averments, or damages alleged and

4829-7137-2987.1

asserted by MW Builders in its Amended Third-Party Complaint, including, but not limited to MW Builders, Plaintiff and Plaintiff's design team and/or architect for failure to properly design the Project.

71.     Kimbel states and alleges the affirmative defense of contributory or comparative negligence as damages allegedly incurred by Plaintiff or MW Builders (which Kimbel specifically denies) were caused by other parties outside of Kimbel's control.

72.     Kimbel states and alleges the affirmative defenses of intervening cause, superseding cause, and lack of proximate causation are implicated as any alleged breach of the subcontract or defective work was caused by Plaintiff, Plaintiff's agents, MW Builders, other subcontractors, and/or MW Builders' lack of guidance and/or improper or defective plans and specifications for the Project and/or Plaintiff's allegations do not implicate the work of Kimbel.

73.     Kimbel states and alleges that MW Builders' claims are barred by the economic loss doctrine and common law doctrines of satisfaction and tender of performance.  Kimbel's work was accepted by MW Builders and/or Kimbel was prevented by parties outside its control to address the alleged defective conditions and thus, MW Builders' claims should be barred or reduced in whole or in part.

74.     Kimbel states and alleges that MW Builders' claims may be reduced to the extent MW Builders has been indemnified or compensated for its losses from other collateral sources, including payments from other parties to this action and to Plaintiff.

75.     Kimbel states and alleges that one or more of MW Builders' alleged claims are barred by the doctrine of election of remedies.

76.     Kimbel states and alleges that one or more of MW Builders' alleged claims are barred by applicable statutes of limitations and/or statutes of repose.

4829-7137-2987.1

77.     Kimbel states and alleges that any claims against the third-party defendants, or any one of them, are barred, in whole or in part, for lack of privity and/or lack of duty. To the extent Kimbel owed any obligation or duty to any party in this action, Kimbel fully, properly, and faithfully performed any and all such duties and/or obligations in law and contract.

78.     Kimbel states and alleges that the damages alleged in MW Builders' Amended Third-Party Complaint are barred or limited, in whole or in part, by MW Builders' and/or Plaintiff's failure to fully perform all duties and/or obligations under the prime contract and/or subcontract.

79.     Kimbel states and alleges that the damages alleged in MW Builders' Amended Third-Party Complaint are barred or limited, in whole or in part, by applicable state law including, but not limited to, alleged violation of building codes and/or RSMO § 537.060.

80.     Kimbel specifically denies that it is liable for any damages claimed by MW Builders, but if it is found liable for such damages, it affirmatively states and alleges that the damages alleged in the Amended Third-Party Complaint are barred or limited, in whole or in part, by MW Builders' failure to mitigate, including but not limited to failing to obtain proper and non-defective plans and specifications from Plaintiff.

81.     Kimbel pleads the common defense doctrine as an affirmative defense.

82.     Kimbel reserves its right to file an Amended Answer or otherwise plead further as permitted by the Federal Rules of Civil Procedure and to bring additional claims and causes of action and to seek additional or alternative relief upon the completion of reasonable discovery and investigation.

83.     Kimbel does not waive or forfeit any affirmative defenses not asserted herein by its failure to assert such affirmative defenses prior to the completion of reasonable discovery and

4829-7137-2987.1

investigation contemplated herein, and specifically reserves its right to plead additional affirmative defenses after completion of same, including those set forth in Fed. R. Civ. P. 8(c).

84. Kimbel reserves the right to object to MW Builders' Amended Third-Party Complaint and reserves the right to file additional motions under Rule 12(b) of the Federal Rules of Civil Procedure.

85. Kimbel is entitled to an award of its costs and attorneys' fees pursuant to its subcontract with MW Builders and/or in equity.

WHEREFORE, Kimbel Mechanical Systems, Inc. prays that MW Builders, Inc.'s Amended Third-Party Complaint be dismissed and that it take nothing thereby, for Kimbel's costs and attorneys' fees incurred herein, and for all other relief to which Kimbel may be entitled.

Dated: April 28, 2020

Respectfully Submitted,
KUTAK ROCK LLP

By */s/ Destiny L. Bounds*
Destiny L. Bounds, MO #69530
Two Pershing Square
2300 Main Street, Suite 800
Kansas City, MO 64108
Telephone: 816-960-0090
Facsimile: 816-960-0041
destiny.bounds@kutakrock.com

and
Mark Dossett, AR 95174 *(pro hac vice)*
Andrew Tarvin, AR 2015191 *(pro hac vice)*
234 East Millsap Road, Suite 200
Fayetteville, AR 72703
Telephone: (479) 973-4200
Facsimile: (479) 973-0007
mark.dossett@kutakrock.com
andrew.tarvin@kutakrock.com
ATTORNEYS FOR KIMBEL
MECHANICAL SYSTEMS, INC.

4829-7137-2987.1

## CERTIFICATE OF SERVICE

I hereby certify on the 28th day of April, 2020 a copy of the above was served with the Court through the ECF filing system which notifies all counsel of record.

*/s/ Destiny L. Bounds*
ATTORNEY FOR KIMBEL
MECHANICAL SYSTEMS, INC.

4829-7137-2987.1