IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| F&C BERKLEY PARK KC, LLC, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MW BUILDERS, INC., ) <br> ) <br>    Defendant. ) <br> ) <br> MW BUILDERS, INC., ) <br> ) <br>    Third-Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KIMBEL MECHANICAL ) <br> SYSTEMS, INC.; WOLF ) <br> CONSTRUCTION SERVICES, INC. ) <br> d/b/a WOLF CONSTRUCTION ) <br> COMPANIES; and, INNOVATIVE ) <br> CONSTRUCTION SERVICES, ) <br> LLC, ) <br> ) <br>    Third-Party Defendants. ) <br> ) | Case No.: 4:19-cv-00787-GAF |

**ANSWER OF INNOVATIVE CONSTRUCTION SERVICES, LLC TO MIDWEST BUILDERS, INC.'S THIRD-PARTY COMPLAINT AND INNOVATIVE CONSTRUCTION SERVICES, LLC'S COUNTERCLAIM AGAINST MIDWEST BUILDERS, INC. AND CROSS-CLAIM AGAINST KIMBEL MECHANICAL SYSTEMS, INC. AND WOLF CONSTRUCTION SERVICES, INC.**

Third-Party Defendant Innovative Construction Services, LLC ("ICS"), by and through counsel Brown & Ruprecht, PC, answers and defends the Third-Party Complaint of Third-Party Plaintiff MW Builders, Inc ("MWB"), as follows:

**ANSWER**

1. Admitted, upon information and belief.

2. Admitted, upon information and belief.

3. Admitted, upon information and belief.

4. Admitted, upon information and belief.

5. Admitted, upon information and belief.

6. Admitted, upon information and belief.

7. Admitted.

8. ICS is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same.

9. ICS is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same.

10. ICS is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same.

11. ICS is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same.

12. ICS is without knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and, therefore, denies the same.

13. Admitted.

14. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

15. The allegations contained in paragraph 15 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits

and avers that it performed its work pursuant to and in compliance with all standards of care, including those set out in the terms of the subcontract.

16. The allegations contained in paragraph 16 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with all standards of care, including those set out in the terms of the subcontract.

17. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

18. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

19. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that its responsibilities with respect to its work at the project are set out in its subcontract, and that it performed its work pursuant to and in compliance with the terms of the subcontract.

20. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that its requirements with respect to its work at the project are set out in its subcontract, and that it performed its work pursuant to and in compliance with the terms of the subcontract.

21. Admitted in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that its requirements with respect to its work at the project are set

out in its subcontract, and that it performed its work pursuant to and in compliance with the terms of the subcontract.

22. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that its requirements with respect to its work at the project are set out in its subcontract, and that it performed its work pursuant to and in compliance with the terms of the subcontract.

23. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that its requirement was to perform its scope of work in accordance with the subcontract documents, and that it performed its work pursuant to and in compliance with the terms of the subcontract.

24. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that its work was approved and accepted by MWB, FC and the Architect, because it performed its work pursuant to and in compliance with the terms of the subcontract.

25. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that if it had been notified of defective work that it was solely responsible for, the subcontract determines how that work should be addressed, and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

26. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that its work was accepted and approved by MWB and the Owner.

27. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

28. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that the subcontract sets out the standards for its work and that it performed its work pursuant to and in compliance with the terms of the subcontract.

29. The allegations contained in paragraph 29 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that that it performed its work pursuant to and in compliance with the terms of the subcontract.

30. The allegations contained in paragraph 30 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

31. The allegations contained in paragraph 31 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

32. The allegations contained in paragraph 32 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

33. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

34. ICS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34, and the same are therefore denied.

35. Denied, as stated.

36. Denied, as stated.

37. Denied, as stated.

38. Denied, as stated.

39. Denied, as stated.

## COUNT I
## BREACH OF CONTRACT AGAINST ALL THIRD-PARTY DEFENDANTS

40. This paragraph merely incorporates the allegations made in prior paragraphs. ICS incorporates its answers and averments to those paragraphs.

41. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS denies it had any design responsibility on this project; and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

42. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT II
## INDEMNITY AGAINST ALL THIRD-PARTY DEFENDANTS

49. This paragraph merely incorporates the allegations made in prior paragraphs. ICS incorporates its answers and averments to those paragraphs.

50. The allegations contained in paragraph 50 of the Complaint call for a legal conclusion and therefore no response is required. To the extent a response is required, the allegations are denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT III
## BREACH OF CONTRACT/EXPRESS WARRANTY
## AGAINST ALL THIRD-PARTY DEFENDANTS

54. This paragraph merely incorporates the allegations made in prior paragraphs. ICS incorporates its answers and averments to those paragraphs.

55. Admitted, upon information and belief.

56. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

57. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

58. Denied.

59. Denied.

60. Denied.

## COUNT IV
## NEGLIGENCE AGAINST ALL THIRD-PARTY DEFENDANTS

61. This paragraph merely incorporates the allegations made in prior paragraphs. ICS incorporates its answers and averments to those paragraphs.

62. Admitted and avers in part and denied in part. All allegations not hereafter admitted are denied. ICS admits and avers that it performed its work pursuant to and in compliance with the terms of the subcontract.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. ICS denies all prayers for relief and all WHEREFORE clauses set out in MWB's claims and causes of action against it.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. MWB's third-party complaint fails to state a claim upon which relief can be granted against ICS.

2. MWB's claims against ICS are barred by the doctrines of waiver, laches, accord and satisfaction, release, and estoppel.

3. ICS has not breached any contractual obligations owed to MWB; in fact, ICS has acted in good faith at all times relevant hereto.

4. MWB was the first to breach the express and implied terms of its subcontract with ICS; thus, MWB's third-party complaint is barred by the first material breach doctrine.

5. Any failure on ICS's part to fulfill its subcontract with MWB was excused by the non-performance of MWB (including lack of notice), with respect to the matters alleged herein.

6. Any alleged damages sustained by the Owner or MWB were not proximately or legally caused by any action or omission of ICS.

7. Any alleged damages sustained by the Owner or MWB were caused by the acts or omissions of other persons or entities over which ICS has no control, and for which ICS is not responsible.

8. The damages alleged by MWB against this Defendant are barred by the economic loss doctrine.

9. The damages alleged by MWB against ICS arise from or are the result of the acts, errors, omissions or negligence of MWB, and therefore the damages against ICS are barred or reduced by MWB's own fault or negligence.

10. Any alleged damages sustained by the Owner or MWB are precluded on the basis of contributory or comparative negligence or fault.

11. MWB's claims are barred in whole, or in part, because ICS' work was accepted by MWB, the Owner and the design team.

12. ICS performed its work in accordance with the plans, specifications, submittals and other design documents provided to it by MWB, and thus it is not and cannot be held liable to MWB or the Owner, pursuant to the *Spearin* doctrine.

13. MWB failed to mitigate its damages.

14. MWB is not entitled to interest, costs, or attorneys' fees from ICS.

15. MWB's claims are barred in whole or in part by Kansas' "anti-indemnity" statute, which prohibits MWB from attempting to hold ICS liable or responsible for MWB's on liability, fault or negligence.

16. ICS adopts, incorporates by reference, and asserts all defenses MWB has against the Owner's claims.

17. ICS reserves the right to add additional affirmative defenses upon the completion of discovery.

## COUNTERCLAIMS AND CROSS-CLAIMS
## FOR INDEMNITY AND/OR CONTRIBUTION

Innovative Construction Services, LLC, by and through counsel Brown & Ruprecht, PC and for its Counterclaim against MW Builders, Inc. and Cross-claim against Kimbel Mechanical Systems, Inc. and against Wolf Construction Services, Inc. d/b/a Wolf Construction, alleges and states as follows:

1. Innovative Construction Services, LLC ("ICS") is an Oklahoma limited liability company with its principal office located at 1617 S. Lowrey Street, Oklahoma City, Oklahoma. At all times relevant hereto, ICS was authorized to do and doing business in the State of Missouri, where the Project at issue in this lawsuit is located.

2. Counterclaim Defendant MW Builders, Inc. ("MWB"), at all times relevant hereto, was and is a Texas corporation with Registered Office and Registered Agent located at 120 South Central Avenue, Clayton, Missouri 63105. At all times relevant hereto, MWB was authorized to do and doing business in the State of Missouri, where the Project at issue in this lawsuit is located.

3. Crossclaim Defendant Kimbel Mechanical Systems ("Kimbel") is an Arizona corporation with its principal place of business and Registered Office located at 120 South Central

Avenue, Clayton, Missouri 63105. At all times relevant hereto, Kimbel was authorized to do and doing business in the State of Missouri, where the Project at issue in this lawsuit is located.

4. Crossclaim Defendant Wolf Construction Services, Inc. d/b/a Wolf Construction ("Wolf") is an Iowa corporation with a Registered Office and Registered Agent located at 2847 S. Ingram Mill Road, Suite A100, Springfield, Missouri 65804. At all times relevant hereto, Wolf was authorized to do and doing business in the State of Missouri, where the Project at issue in this lawsuit is located.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy between all of these parties exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different States; the causes of action alleged by ICS arise out of the same transaction and occurrence as those alleged in the Complaint and the third-Party Complaint, which occurred in this District.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged in this lawsuit occurred, or a substantial part of property that is the subject of this action is situated, in this District.

## GENERAL ALLEGATIONS

7. F&C Berkley Park KC, LLC ("FC") developed the project at issue in this litigation, which is a 664,812 square-foot mixed use development located at 1000 Berkley Parkway, Kansas City, Missouri 64120, commonly known as Union Berkley Riverfront apartments (the "Project").

8. The Project consists of 40 market-rate luxury apartment units, 12,400 square feet of retail space, and a parking garage with 443 parking spaces.

9. Upon information and belief, on or about November 11, 2016, FC entered into a Standard Form of Agreement between Owner and Contractor with MWB under which MWB agreed to construct, direct and oversee the management and construction of the Project.

10. MWB subcontracted a portion of its work to others, including

11. As the general contractor, MWB was required, among other things, to "supervise and direct the Work, using the Contractor's best skill and attention" and, to that end, agreed that it would be "solely responsible for, and have control over, construction means, methods, techniques, sequences and procedures and for coordinating all portions of the Work under the Contract."

12. Under its subcontract with ICW, MWB was required to identify and disclose to ICW any nonconformity or defects in its work at the Project.

13. Upon information and belief, on or about July 30, 2018, FC entered into an agreement with BCKC Union Berkley, LLC, as assignee of Buckingham Properties, LLC ("Owner") under which the Owner agreed to purchase the Project from FC, and FC agreed to sell the Project to the Owner.

14. The Owner alleges that several of the bathrooms at the Project did not include the necessary "clear floor space" outside of the showers as required under various applicable laws, codes, standards, and regulations, as more specifically alleged in the Complaint.

15. The Owner and FC allege that MWB was placed on notice of the Shower Issues and given an opportunity to address the issues, but failed to do so, as more specifically alleged in the Complaint.

16. Any and all conditions precedent to the filing of this action have been met, excused or waived.

## COUNT I – INDEMNITY AND CONTRIBUTION

17. ICS incorporations its allegations set forth in paragraphs 1 to 16, above, as if fully set forth herein.

18. ICS furnished labor and materials to MWB in connection with the drywall and painting work on the Project.

19. ICS performed its work at the Project in a good and workmanlike manner, and at all times relevant hereto, in accordance with the plans, specifications, direction and approval of MWB.

20. MWB has implied obligations to ICS at law, including the obligation to defend, indemnify and hold harmless ICS from and against any and all liability or potential liability ICS may have arising out of ICS's work on the Project, including any liability for the Shower Issues, on account of any act, error or omissions on the part of MWB.

21. In the event ICS becomes legally obligated to pay MWB, the Owner or any third party arising out of ICS's work at the Project (including, but not limited to, for the Shower Issues), then then ICS is entitled to defense, indemnity and judgment over and against MWB, including for all of ICS's litigations fees and expenses incurred defending against the Owner's claims and/or MWB's third-party claims.

22. Kimbel and Wolf also have implied obligations to ICS at law, including the obligation to defend, indemnify and hold harmless ICS from and against any and all liability or potential liability ICS may have on account of any act, error or omissions on the part of Kimbel or Wolf, as the case may be.

23. In the event ICS becomes legally obligated to pay MWB, the Owner or any third party arising out of ICS's work at the Project (including, but not limited to, for the Shower Issues), then then ICS is entitled to defense, indemnity and judgment over and against Kimbel and/or Wolf, including for all of ICS's litigations fees and expenses incurred defending against the Owner's claims and/or MWB's third-party claims.

24. To the extent ICS, MWB, Kimbel, and/or Wolf are or become jointly or severally liable for the damages sought by the Owner, then ICS is entitled to contribution from MWB, Kimbel, and/or Wolf to the extent of their wrongdoing.

WHEREFORE, Innovative Construction Services, LLC, prays for judgment on its Counterclaims and Cross-claim for indemnity and/or contribution against MW Builders, Inc., Kimbel Mechanical Systems, Inc., and Wolf Construction Services, Inc., in an amount equal to any judgment rendered in favor of F&C Berkley Park KC, LLC, together with interest, costs and reasonable attorneys' fees (to be taxed as damages) (including indemnity from Kimbel and Wolf for any judgment rendered in favor of MWB on its third party claims), together with interest, costs and reasonable attorneys' fees (to be taxed as damages).

Respectfully submitted,

**BROWN & RUPRECHT, PC**

By: */s/ Heather F. Shore*
Heather F. Shore, MO Bar #57048
2323 Grand Boulevard, Suite 1100
Kansas City, MO 64108
(816) 292-7000 Telephone
(816) 292-7050 Facsimile
hshore@brlawkc.com
**ATTORNEYS FOR INNOVATIVE CONSTRUCTION SERVICES, LLC**

## CERTIFICATE OF MAILING

I hereby certify that on this 6th day of May, 2020, the foregoing was electronically filed with the Clerk of the Court by using CM/ECF system which will send a Notice of Electronic Filing to those parties designated with the Court to receive notification.

/s/ *Heather F. Shore*
**ATTORNEYS FOR INNOVATIVE CONSTRUCTION SERVICES, LLC**